Irving SCHACHTER, Plaintiff–Appellant,

v.

UNITED STATES LIFE INSURANCE COMPANY IN THE CITY OF NEW YORK, Defendant–Appellee.

No. 02–7840.

United States Court of Appeals, Second Circuit.

Oct. 2, 2003.

Irving Schachter, Flushing, NY, for Appellant, pro se.

Christopher P. Foley, McCormick Dunne & Foley, New York, NY, for Appellee.

PRESENT: FEINBERG, KATZMANN, and RAGGI, Circuit Judges.

*SUMMARY ORDER*

Plaintiff–Appellant Irving Schachter, *pro se*, appeals from a judgment of the United States District Court for the Eastern District of New York (Allyne R. Ross, *Judge*) entered June 18, 2002, dismissing Schachter's 42 U.S.C. § 1983 complaint for lack of subject matter jurisdiction. While

**42**

we appreciate the sentiment that moved Mr. Schachter to go to court, we are without authority to grant him the relief he seeks.

We review questions of subject matter jurisdiction based upon a lack of standing *de novo. See Jackson–Bey v. Hanslmaier,* 115 F.3d 1091, 1095 (2d Cir. 1997). The claimant bears the burden of alleging sufficient facts to support standing. *See id.; see also United States v. Cambio Exacto, S.A.,* 166 F.3d 522, 526 (2d Cir.1999). Standing requires a showing that: (1) the claimant suffered an injury in fact—an invasion of a judicially cognizable interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) there is a causal connection between the injury and the conduct complained of—the injury must be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court; and (3) there is the likelihood that the injury will be redressed by a favorable decision. *See Lee v. Board of Governors,* 118 F.3d 905, 910 (2d Cir.1997). When a claimant lacks standing, a court has no subject matter jurisdiction over the case. *See In re United States Catholic Conference v. Baker,* 885 F.2d 1020, 1023 (2d Cir.1989).

Here, Mr. Schachter's allegations of a deprivation of his own rights depends entirely upon the alleged violation of the rights of his unnamed home attendant. Thus, Mr. Schachter has not alleged the sort of personal injury necessary to confer standing to pursue a claim under 42 U.S.C. § 1983. Moreover, even if standing did exist, because as Mr. Schachter concedes, *see* Appellant's Brief at 5, the aide's employment is voluntary, there has been no violation of the Thirteenth Amendment's prohibition against slavery. *See United States v. Kozminski,* 487 U.S. 931, 943, 108 S.Ct. 2751, 101 L.Ed.2d 788 (1988) (every case in which this Court has found a condition of involuntary servitude, the victim had no available choice but to work or be subject to legal sanction). Thus the district court properly dismissed the complaint (1) for lack of subject matter jurisdiction because Mr. Schachter did not have standing to bring the claim, and in the alternative, (2) because there was no Thirteenth Amendment violation.

Accordingly, we AFFIRM the judgment of the District Court.